# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIAS SERDA DIAZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KERN PUBLIC DEFENDER'S OFFICE, et al.,<br><br>　　　　　Defendants. | Case No. 1:23-cv-01296-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION<br><br>(ECF No. 17)<br><br>**FOURTEEN (14) DAY DEADLINE** |

　　　　Plaintiff Elias Serda Diaz ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 8, 2023. (ECF No. 1.) The matter was transferred to this Court on August 30, 2023, and assigned to the undersigned on September 14, 2023. (ECF Nos. 4, 5, 9.)

　　　　Plaintiff filed a first amended complaint on October 23, 2023. (ECF No. 12.) On November 8, 2023, the Court screened Plaintiff's first amended complaint and granted Plaintiff leave to amend. (ECF No. 13.) Plaintiff filed a second amended complaint on November 27, 2023. (ECF No. 14.) On May 3, 2024, the Court screened Plaintiff's second amended complaint and granted Plaintiff a final opportunity to amend his complaint to cure the identified deficiencies. (ECF No. 16.) Plaintiff's third amended complaint, filed on May 13, 2024, is currently before the Court for screening. (ECF No. 17.)

1

**I.      Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at North Kern State Prison in Delano, California. The form complaint identifies the defendants as (1) Nathan Cantu, Police Officer, Bakersfield Police Department; (2) David Spencer, Housing Authority Police; and (3) Hannah Ortega, Housing Authority. (ECF No. 17 at 2-3.)

In Claim 1, Plaintiff asserts a violation of the "5th Amendment Search, Due Process of law, breach of contract." (ECF No. 17 at 3.) He alleges: "On body cam it shows Nathan Cantue & Oficer [sic] David Spencer enter my apartment without me being present or without my

1 | consent."  (*Id.*)

2 | In Claim 2, Plaintiff asserts "breach of contract and confidentiality."  (ECF No. 17 at 4.)
3 | He alleges:  "Hannah Ortega provided another tenant with private information about myself over
4 | a 911 call."  (*Id.*)

5 | As relief, Plaintiff states as follows:  "I would like to continue this case until[ ] after my
6 | [appeal] is finished BF193010A, F086320 in [which] the misconducts were committed until[ ] or
7 | post 9-1-2024 or later."  (ECF No. 17 at 5.)

8 | **III.    Discussion**

9 | **A.  Federal Rule of Civil Procedure 8**

10 | Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain
11 | statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed
12 | factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action,
13 | supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation
14 | omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to
15 | relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570,
16 | 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. *Id.*;
17 | *see also Twombly*, 550 U.S. at 556–557.

18 | Plaintiff's third amended complaint is not a plain statement of his claims.  While brief,
19 | Plaintiff's amended complaint fails to provide sufficient factual allegations to support any claim
20 | for relief. Plaintiff generally fails to state what happened, when it happened, and who was
21 | involved in a manner sufficient for the Court to determine if he states a plausible claim.  Despite
22 | being provided with the relevant pleading standard, Plaintiff has been unable to cure this
23 | deficiency.

24 | **B.  Fifth Amendment**

25 | Plaintiff asserts a violation of the Fifth Amendment due process clause.  "[T]he Fifth
26 | Amendment's due process clause applies only to the federal government." *Bingue v. Prunchak*,
27 | 512 F.3d 1169, 1174 (9th Cir. 2008).  None of the named defendants are federal government
28 | employees.  To the extent Plaintiff is asserting an unreasonable search and seizure, such a claim

arises under the Fourth Amendment.

### C. Fourth Amendment

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation." U.S. Const. amend. IV. The Fourth Amendment only prohibits unreasonable searches. *See*, *e.g.*, *Bell v. Wolfish*, 441 U.S. 520, 558 (1979). "The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application [and] each case it requires a balancing of the need for the particular search against the invasion of personal rights that the search entails." *Id.* "Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." *Id.*

As currently pled, Plaintiff's complaint does not include sufficient factual allegations to state a cognizable Fourth Amendment claim. Plaintiff does not adequately allege the circumstances precipitating the alleged search. Despite being provided with the relevant standard, Plaintiff has been unable to cure this deficiency.

### D. *Heck* Bar

Plaintiff appears to contend that the purported "misconduct" at issue here is the subject of a pending appeal. Plaintiff may be attempting to claim that Defendants Cantu and Spencer conducted an illegal search and seizure, which subsequently resulted in a criminal conviction currently on appeal. If so, there may be a bar to this lawsuit. This is particularly true given Plaintiff's request for a stay of this action pending resolution of his appeal.

In *Heck v. Humphrey*, the United States Supreme Court held that a section 1983 claim cannot proceed when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Heck*, 512 U.S. at 486–87. Accordingly, "a state prisoner's [section] 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the

invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81–2 (2005).

If Plaintiff is in fact alleging that the search and seizure led to a subsequent criminal conviction, then success on his Fourth Amendment claim likely would imply the invalidity of the resulting conviction. Thus, to proceed with a cognizable claim, Plaintiff would have to either plead and demonstrate that his conviction had been overturned or demonstrate that the *Heck* bar does not apply here. *See*, *e.g.*, *Nettles v. Grounds*, 830 F.3d 922 (9th Cir. 2016) (en banc) (finding that a prisoner's claim that, even if successful, would not necessarily lead to immediate or speedier release fell outside the "core of habeas corpus" and section 1983 was the proper vehicle). Despite being provided with the relevant legal standard, Plaintiff has neither plead and demonstrated that his conviction has been overturned nor demonstrated that the *Heck* bar does not apply here.

As Plaintiff was previously informed, to the extent he is attempting to challenge an existing criminal conviction or the validity of his continued confinement in state prison, then his exclusive method for asserting such a challenge is by filing a petition for a writ of habeas corpus. It has long been established that state prisoners cannot challenge the fact or duration of their confinement in a section 1983 action and their sole remedy lies in habeas corpus relief. *Wilkinson*, 544 U.S. at 78.

**E. State Law Claims**

Plaintiff also is attempting to pursue state law claims, such as for breach of contract or "confidentiality." Indeed, Plaintiff appears to only allege state law claims against Defendant Ortega. Under 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," except as provided in subsections (b) and (c). The Supreme Court has stated that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. 28

U.S.C. § 1367.  As Plaintiff has not stated a cognizable claim for relief under federal law, it will be recommended that the Court decline to exercise supplemental jurisdiction over any purported state law claims and dismiss those claims without prejudice.

### IV. Conclusion and Recommendation

For the reasons discussed, the Court finds that Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim for relief.  Despite being provided with the relevant legal standards, Plaintiff has been unable to cure the deficiencies in his complaint.  Further leave to amend is not warranted.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir 2000).  Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED as follows:

1. Plaintiff's federal claims be dismissed for failure to comply with Federal Rule of Civil Procedure 8 and for failure to state a cognizable claim for relief; and
2. The Court decline to exercise supplemental jurisdiction over Plaintiff's purported state law claims and those claims be dismissed without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these findings and recommendations, Plaintiffs may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiffs are advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 22, 2024**          /s/ *Barbara A. McAuliffe*          
                                    UNITED STATES MAGISTRATE JUDGE